THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **ABE HAROLD, III,**<br><br>　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**WARDEN RICHARD SMITH et al.,**<br><br>　　　　　　**Defendants.** | Civil No. 20-15623 (NLH/SAK) |

## REPORT AND RECOMMENDATION

　　This matter has been raised *sua sponte* by the Court because of *pro se* Plaintiff's failure to comply with this Court's scheduling and discovery Orders. For the reasons to be discussed, it is respectfully recommended that Plaintiff's complaint be dismissed pursuant to FED. R. CIV. P. 16(f) and 37(b). This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1). The Court makes the following findings in support of this Recommendation.

**I.　BACKGROUND**

　　Plaintiff Abe Harold, III filed this civil rights action on November 6, 2020 asserting, *inter alia*, violations of the Eighth Amendment and the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") against Defendants Warden Richard Smith, Dr. Gregory Hughes, and Kristina Smith. *See* Compl. [ECF No. 1]. Plaintiff subsequently moved to amend his complaint to clarify that he was suing each Defendant in their individual and official capacities, and to add Lt. Riccardo Martinez, Brenda Doe, and Heather Doe as defendants. *See* Pl.'s Mot. [ECF No. 7]. Upon initial screening, Plaintiff's claims against Dr. Gregory Hughes and Lt. Riccardo Martinez for alleged violations of HIPPA and medical privacy were dismissed, as well as to his claim against Lt. Martinez for deliberate indifference. *See* Order, Sept. 21, 2021 at 2–4 [ECF No. 10]. As a

result, Plaintiff's Amended Complaint was permitted to proceed in part against Defendants Warden Richard Smith, Dr. Gregory Hughes, Kristina Smith, Brenda Doe, and Heather Doe (collectively, "Defendants"). *See id.* at 4–6; *see also* Am. Compl. [ECF Nos. 1, 7].

Following service of Plaintiff's Amended Complaint, Defendants Dr. Gregory Hughes and Kristina Smith filed answers in which they deny the substance of Plaintiff's allegations and assert numerous affirmative defenses. *See* ECF Nos. 22, 36. The Court subsequently issued a *sua sponte* Scheduling Order [ECF No. 37] setting discovery deadlines and scheduling a status teleconference on May 16, 2022. The Order directed the Clerk's Office to mail a copy of the Order to Plaintiff and to enter a notation on the docket upon mailing it. *See* ECF No. 37 (indicating the Order was mailed to Plaintiff on February 10, 2022). Notably, the Order was not returned as undeliverable. However, no appearance was made by Plaintiff or an attorney on his behalf at the May 16, 2022 status teleconference. *See* ECF Nos. 45, 46. In light of Plaintiff's absence, the teleconference was rescheduled to June 7, 2022. No appearance was made by Plaintiff or attorney on his behalf at the June 7, 2022 teleconference. *See* Min. Entry [ECF No. 49]. On June 8, 2022, the Court issued an Order to Show Cause ("OSC"), which states in part:

> **IT IS HEREBY ORDERED** . . . that Plaintiff shall call in for a teleconference on **June 30, 2022 at 10:00 a.m.** to show cause as to why he should not be sanctioned for his unexcused failure to appear at the May 16 and June 7, 2022 telephone status conferences. . . .
>
> **FAILURE TO APPEAR** in response to this Order to Show Cause may result in the imposition of sanctions. . . .

OSC at 1 [ECF No. 51]. Neither Plaintiff nor an attorney on his behalf made an appearance at the June 30, 2022 Order to Show Cause hearing. *See* Min. Entry [ECF No. 54]. Because the Court's prior Order [ECF No. 46] rescheduling the May 16, 2022 teleconference was twice returned as

undeliverable; in an abundance of caution, the Court directed the Clerk's Office to mail copies of the OSC to Plaintiff at his two last known addresses. *See* OSC at 2.

## II.   DISCUSSION

Pursuant to FED. R. CIV. P. 37(b)(2)(A)(v), if a party fails to obey a discovery Order, a court may enter an Order "dismissing the action or proceeding in whole or in part." Dismissal is an "extreme" sanction, reserved for cases where a party has acted in "flagrant bad faith" or "callous disregard of [his or her] responsibilities." *National Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). The Third Circuit has also recognized courts have the inherent equitable power to dismiss an action as a sanction for failure to prosecute, contempt of court, or abuse of litigation practices. *See Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1179 n.15 (3d Cir. 1993) (citations omitted).

In determining whether dismissal is an appropriate sanction for violation of a discovery or other order, courts generally consider the factors outlined in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). Such analysis, however, is not always necessary. *See Dover v. Digugliemo*, 181 F. App'x 234, 237–38 (3d Cir. 2006) ("[A] *Poulis* analysis is unnecessary when a litigant's willful conduct prevents the case from going forward, thereby giving a district court no option but dismissal."). The *Poulis* factors to be weighed are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternate sanctions; and (6) the meritoriousness of the claim.

*Orama v. Boyko*, 243 F. App'x 741, 742–43 (3d Cir. 2007) (citing *Poulis*, 747 F.2d at 868). Whether to dismiss a case or claim is within the Court's discretion. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221–22 (3d Cir. 2003). No particular *Poulis* factor is controlling, and dismissal may

3

be warranted even if some of these factors are not met. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 919 (3d Cir. 1992).

The Court finds an analysis of the *Poulis* factors supports a recommendation of dismissal. First, Plaintiff carries full personal responsibility for his failure to participate in the case because he is proceeding *pro se* in this action. *See Briscoe v. Klaus*, 538 F.3d 252, 258–59 (3d Cir. 2008) ("It is logical to hold a *pro se* plaintiff personally responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney."). This is especially true here because Plaintiff initiated this action *pro se*, successfully executed service on Defendants *pro se*, and was Ordered to appear on multiple occasions but failed to do so, despite the Court's warning that Plaintiff's failure to appear would demonstrate his intent not to pursue the case and may result in sanctions. Thus, responsibility for Plaintiff's failure to appear and to comply with the Court's Orders cannot be placed on anyone but Plaintiff himself.

Second, the prejudice to the defendants caused by Plaintiff's failure to comply with the Court's Orders supports dismissal. The Third Circuit has instructed that "prejudice is not limited to 'irremediable' or 'irreparable' harm," and "includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Briscoe*, 538 F.3d at 259 (internal citation and quotation omitted). Oftentimes, this type of prejudice involves disputes between the parties on discovery or other pretrial matters, such as a failure to cooperate with discovery requests, court orders, or scheduled conferences. *See id.*; *see also Hoffman v. Palace Ent.*, 621 F. App'x 112, 115 (3d Cir. 2015) (affirming dismissal of *pro se* plaintiff's civil rights action, in part, because her repeated failure to cooperate and to appear at necessary pretrial conferences caused prejudice to the defendants). Here, Plaintiff's repeated failure to comply with the Court's Orders and to appear at necessary pretrial conferences has caused unnecessary delay, impeded Defendants'

ability to effectively prepare a full and complete trial strategy, and caused Defendants to incur unnecessary legal fees. Accordingly, the Court finds Plaintiff's conduct has prejudiced Defendants and this factor weighs in favor of dismissal.

Plaintiff's history of dilatoriness in this action also favors dismissal. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trustees of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (citation omitted). Plaintiff has ignored several Court Orders and failed to appear on multiple occasions. At present, Plaintiff has not participated in the case in nearly four months since his last Court submission. *See* ECF No. 39. Thus, the record demonstrates Plaintiff has a well-documented history of dilatoriness and noncompliance with the Court's Orders, which weigh in favor of dismissal. In fact, at this time, there is no indication in the record that Plaintiff wishes to pursue the case.

Plaintiff's conduct in this case, or lack thereof, has been willful, which weighs in favor of dismissal. Plaintiff's willful failure to participate in this litigation is manifest as evidenced by his repeated refusals to comply with the Court's Orders. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (concluding that a litigant's "conduct in failing to comply with the court's orders and in dragging the case out was willful and not merely negligent or inadvertent"). Plaintiff's willful refusal to comply with the Court's Orders directing him to appear by telephone on numerous occasions and to show cause for his repeated unexcused absences demonstrates a disregard for the Court's authority.

Because Plaintiff has repeatedly ignored the Court's Orders, the Court finds that dismissal is the only effective sanction. Plaintiff has been afforded ample opportunity to show cause for his

actions but has failed to do so. The Court foresees no prospect that giving Plaintiff another chance to appear would elicit a change of behavior.

Lastly, the Court considers whether Plaintiff's claims or Defendants' defenses are meritorious. As the *Poulis* court noted, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." 747 F.2d at 869–70. It is unclear to the Court at this time whether Plaintiff's claims have merit. Accordingly, the Court finds a balancing of the *Poulis* factors favors dismissal. *See Pak-Vak Sys. v. T&S Products*, No. 05-3518, 2006 WL 2844149, at *1 n.1 (D.N.J. Sept. 6, 2006), *adopted by* 2006 WL 2844162, (D.N.J. Oct. 3, 2006) (concluding dismissal was warranted without any finding as to a meritorious defense because prejudice to the defendant was clear due to the plaintiff's failure to comply with court orders).

The Court recognizes that dismissal of a complaint is reserved for the most extreme cases. *See Poulis*, 747 F.2d at 867–88. However, this relief is appropriate here. Plaintiff willfully refuses to comply with and repeatedly ignores the Court's Orders. It is evident that Plaintiff's actions manifest his intention not to pursue the case. This being the case, there is no lesser alternative sanction than the dismissal of Plaintiff's claims.

### III. CONCLUSION

Accordingly, for all the foregoing reasons, it is this **30th** day of **June**, **2022**, respectfully recommended that Plaintiff's complaint be dismissed. Pursuant to Fed. R. Civ. P. 72 and L. Civ. R. 72.1(c)(2), the parties shall have fourteen (14) days from the date of this Order in which to file any objections with the Court.

s/ Sharon A. King  
SHARON A. KING  
United States Magistrate Judge

cc: Hon. Noel L. Hillman, U.S.D.J.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ABE HAROLD, III,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WARDEN RICHARD SMITH et al.,<br><br>　　　　　　Defendants. | Civil No. 20-15623 (NLH/SAK) |

**PROPOSED ORDER**

This matter has been raised *sua sponte* by the Court because of *pro se* Plaintiff's failure to comply with this Court's scheduling and discovery Orders; failure to appear for Court-Ordered hearings on May 16, 2022, June 7, 2022, and June 30, 2022; and failure to prosecute his case. *See* Order to Show Cause, June 8, 2022 [ECF No. 51]; and the Court having considered the Report and Recommendation submitted by the Honorable Sharon A. King, U.S.M.J., pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); and the parties having been notified that they have fourteen (14) days from receipt of the Report and Recommendation to file and serve objections pursuant to L. Civ. R. 72.1(c)(2), and no objections having been received; and the Court finding that the Report and Recommendation is neither clearly erroneous, nor contrary to law; and for good cause shown,

**IT IS** on this 31st day of August, 2022, hereby

**ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

　　　　　　　　　　　　　　　　　　s/ Noel L. Hillman
　　　　　　　　　　　　　　　　　　NOEL L. HILLMAN
　　　　　　　　　　　　　　　　　　United States District Judge